1  Katherine Windler (SBN:158899)
   BRYAN CAVE LLP
2  120 Broadway, Suite 300
   Santa Monica, CA 90401-2386
3  Telephone:   (310) 576-2100
   Facsimile:   (310) 576-2200
4  katherine.windler@bryancave.com

5  Attorneys for Secured Creditors
   Wells Fargo Business Credit,
6  a division of Wells Fargo Bank,
   and TS Staffing, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>Lohrey Enterprises, Inc.<br>a California corporation,<br>dba West Coast Linen,<br><br>Debtor. | Case No. 08-12206<br><br>Chapter 11<br><br>**INTERIM ORDER RE USE OF CASH COLLATERAL**<br><br>Date:    October 20, 2008<br>Time:    9:00 a.m.<br>Address: 99 South "E" Street<br>         Santa Rosa, CA 95404 |

   This Interim Order Regarding Use of Cash Collateral is made as of the date specified below pursuant to agreement made in open court by Wells Fargo Business Credit, a division of Wells Fargo Bank ("Wells Fargo"), TS Staffing Corp., dba Tri-State Staffing ("Tri-State"), and Lohrey Enterprises (the "Debtor").

   WHEREAS, Wells Fargo claims a first-priority security interest in all accounts receivable of the Debtor pursuant to a certain Account Purchase Agreement dated August 8, 2008 (the "Purchase Agreement"); and

   WHEREAS, Tri-State claims a second-priority security interest in all accounts receivable of the Debtor pursuant to certain instruments and agreements; and

WHEREAS, both Wells Fargo and Tri-State claim to have properly perfected their respective security interests by filing appropriate UCC-1 financing statements; and

WHEREAS, a customer of the Debtor, Kaiser Foundation Hospitals ("Kaiser"), has a critical need for the Debtor's services to permit Kaiser to transition its laundry services to other vendors without interruption of its emergency and other healthcare services to the general public; and

WHEREAS, Wells Fargo, Tri-State, and the Debtor have agreed to permit the Debtor to use cash collateral in which Wells Fargo and Tri-State claim an interest on the terms and conditions provided herein;

NOW, THEREFORE, in consideration of the foregoing and subject to approval of the Court, Wells Fargo, Tri-State, and the Debtor hereby stipulate and agree as follows:

1. Subject to the terms and conditions of this Interim Order, Wells Fargo and Tri-State consent to the use by the Debtor of cash collateral (as defined in 11 U.S.C. § 363(a)) in which Wells Fargo and/or Tri-State claims an interest (the "Cash Collateral") through and including November 19, 2008 (the "Termination Date").

2. The Debtor shall, before the close of business on October 21, 2008, remit to Wells Fargo invoices for all services rendered before October 17, 2008 (the "Petition Date").

3. The Debtor shall invoice Kaiser on Friday of each week for services rendered after the Petition Date. The Debtor shall not be obligated to tender such invoices to Wells Fargo or Tri-State. Kaiser shall make payment by check or wire to the Debtor that same day if an accurate invoice is received by 10:00 a.m. or the next business day if received afterward.

4. The Debtor's authority to use Cash Collateral shall be limited to a maximum of $275,000 in any one week and a maximum of $1,050,000 in the aggregate from the Petition Date to the Termination Date. Pending the final hearing, the Debtor is authorized to use Cash Collateral only to pay items for which payment is necessary to enable the Debtor to continue business operations.

5. Nothing in this order constitutes (a) a determination regarding the validity, priority, extent, perfection, or avoidability of any lien or security interest claimed by Wells Fargo or Tri-State or (b) a waiver of any right of any party hereto, except as expressly set forth herein.

6. This order shall be binding upon any successors or assigns of the parties hereto.

7. The parties acknowledge that the wording of this order, as proposed by the parties to the court, is the joint work product of the parties and that, accordingly, in the event of ambiguities, no inferences shall be drawn against any party on the basis of authorship of the form of this order.

8. This order is intended to reflect the entire agreement by and among the parties hereto regarding the matters addressed herein. No extrinsic or parol evidence may be used to vary any of the terms herein.

9. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this order.

10. A final hearing on the terms of this order shall be held before the undersigned on November 6, 2008 at 10:00 a.m. in the United States Bankruptcy Court, 99 South "E" Street, Santa Rosa, California. Any objection to the final approval of the terms herein shall be filed and served on or before the hearing.

Dated: October 20, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge