DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
JAMES A. SHEPHERD, Trial Attorney (DC#476306)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: james.a.shepherd@usdoj.gov

Attorneys for Acting United States Trustee
SARA L. KISTLER

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) No. 08-12206 AJ |
| LOHREY ENTERPRISES, INC., | ) Chapter 11 |
| Debtor. | ) |

**U.S. TRUSTEE'S EMERGENCY MOTION TO CONVERT**
**OR DISMISS CASE FOR CAUSE UNDER 11 U.S.C. § 1112(b)**

Sara L. Kistler, Acting United States Trustee for Region 17, respectfully moves on an emergency basis for an order converting the above-captioned case to chapter 7, or alternatively dismissing the case for cause under 11 U.S.C. § 1112(b) and, in support, states:

1. On November 3, 2008, the court entered an order granting the U.S. Trustee's motion for appointment of a trustee under 11 U.S.C. § 1104(a)(1), and directing the U.S. Trustee to select a disinterested person to serve as chapter 11 trustee in the above-captioned case, subject to court approval.

2. As set forth in the accompanying declaration of James A. Shepherd, counsel for the U.S. Trustee has contacted ten potential candidates for the role of chapter 11 trustee herein, eight of whom were unwilling to accept the assignment, with two undecided. The U.S. Trustee is continuing to search for an appropriate candidate and will continue to do so until the motion herein is adjudicated. However, the U.S. Trustee contends that the absence of a trustee at present constitutes cause for immediate conversion to chapter 7 or dismissal of this case for cause, whichever relief is the best interests of creditors and the estate.

3. Under section 1112(b)(1), a chapter 11 case may be converted to chapter 7 or dismissed

ACTING UNITED STATES TRUSTEE'S EMERGENCY MOTION TO CONVERT OR DISMISS CASE FOR CAUSE UNDER 11 U.S.C. § 1112(b) - 1 -

for cause, including substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, and failure to maintain insurance coverage. See 11 U.S.C. § 1112(b)(4)(A), (C). In considering a motion to convert a chapter 11 case, the court must also consider whether conversion or dismissal would be in the best interests of creditors and the estate. In re Consolidated Pioneer Mortg. Entities, 248 B.R. 368, 375 (9th Cir. BAP 2000).

4. A trustee is needed to take control of property of the estate including debtor's bank accounts, financial records, and plant facilities. Without immediate appointment of a chapter 7 or chapter 11 trustee, substantial and continuing losses and diminution of the estate are likely to occur. Rehabilitation under chapter 11 is unlikely in the absence of a willing and qualified trustee to assume control of the business and attempt to operate the business.

5. Urgent issues confront the debtor, including that its payroll provider (Allegiant) may cancel debtor's worker's compensation coverage unless invoices of $339,015 are paid by Friday, November 7. See Shepherd Declaration. In addition, Pacific Gas & Electric and the City of Gilroy have notified the debtor that utility service will be suspended at debtor's Gilroy plant unless a substantial deposits are posted by the debtor promptly. Without a trustee on site to assess and stabilize debtor's financial situation, these amounts are unlikely to be paid.

6. Based on the foregoing, the U.S. Trustee contends that cause exists for immediate conversion and appointment of a chapter 7 trustee, or alternatively dismissal of this case. The U.S. Trustee is unaware of any unusual circumstances that could establish that relief would not be in the best interests of creditors for purposes of section 1112(b)(2).

7. Given that debtor may still have customers seeking services from the debtor and that employees may still be available to work in debtor's plant and offices, the U.S. Trustee contends that conversion would be in the best interests of the debtor and its estate. Subsequent information may affect the U.S. Trustee's view on what course may be in the best interest of creditors and the estate.

8. The U.S. Trustee further submits that due to the exigent circumstances described herein, cause exists to set this motion for setting a hearing on shortened time and limited notice. A separate application seeking that relief is being filed concurrently herewith.

ACTING UNITED STATES TRUSTEE'S EMERGENCY MOTION TO CONVERT OR DISMISS CASE FOR CAUSE UNDER 11 U.S.C. § 1112(b) - 2 -

Case: 08-12206   Doc# 52   Filed: 11/05/08   Entered: 11/05/08 17:31:22   Page 2 of 3

9.  Wells Fargo and Tri-State do not object to the immediate conversion or dismissal of this case. See Shepherd Declaration. Those creditors, as well as the debtor, Allegiant, the Owens Family Trust, and Kaiser Permanente, do not object to the court setting a November 6, 2008, 10:00 a.m. hearing on this motion. Id.

10. On the date hereof, the U.S. Trustee is serving this motion and accompanying pleadings by email upon: (i) debtor's counsel and co-counsel; (ii) counsel for Wells Fargo and Tri-State; (iii) counsel for Owens Family Trust; (iv) counsel for Kaiser Permanente; (v) representatives of MCI Computer Leasing, Robinson Oil Company, and Standard Textile, and Alejo Lopez and Pat Moyer; (vi) counsel for reclamation claimants Tingue, Brown & Company and Meese Inc.; (vii) counsel for the City of Gilroy; (viii) counsel for Allegiant; and (xi) trustees Timothy W. Hoffman, Jeffry G. Locke, and Andrea A. Wirum. The U.S. Trustee submits that the foregoing constitutes sufficient service under the circumstances.

11. The U.S. Trustee requests that she be excused from the requirement under B.L.R. 9013-1(b)(3) to submit a separate memorandum of points and authorities in support of this motion.

WHEREFORE, the U.S. Trustee requests that the court enter an order granting this motion and converting the above-captioned chapter 11 case to chapter 7 for cause under 11 U.S.C. § 1112(b), or alternatively dismissing this case, and granting such further relief as the court deems appropriate.

Dated: November 5, 2008

Respectfully submitted,

Sara L. Kistler,
Acting United States Trustee

By: *James A. Shepherd (DC#476306)*
Attorney for the U.S. Trustee

ACTING UNITED STATES TRUSTEE'S EMERGENCY MOTION TO CONVERT OR DISMISS CASE FOR CAUSE UNDER 11 U.S.C. § 1112(b)  - 3 -