DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
PATRICIA A. CUTLER, Trial Attorney (#50352)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: patricia.cutler@usdoj.gov

Attorneys for Acting United States Trustee
SARA L. KISTLER

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>LOHREY ENTERPRISES, INC., | No. 08-12206 AJ<br><br>Chapter 7<br><br>**EXPEDITED HEARING REQUESTED** |

# UNITED STATES TRUSTEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMOVE TRUSTEE RICHARD SCHWALBE AND TO FREEZE ESTATE BANK ACCOUNTS

Sara L. Kistler, the Acting United States Trustee for Region 17 ("U.S. Trustee"), submits this memorandum in support of her motion under 11 U.S.C. § 324(a) for entry of an order removing Richard Schwalbe as trustee for cause pursuant to 11 U.S.C. § 324(a) on the grounds that Mr. Schwalbe is unavailable to act as trustee and recent criminal charges and incarceration place undue risk on this estate. In addition, the UST requests that the estate bank accounts be frozen to maintain the status quo and further that the UST be given access to all estate account records to seek to account for the funds of the estate.

FACTUAL STATEMENT

Mr. Schwalbe was arrested on January 26, 2010, based on a felony complaint alleging, *inter alia*, the theft and embezzlement of $1.37 million from a Silicon Valley company. He is being held without bail. Neither trustee's counsel Patricia Lyon nor Mr. Schwalbe's proposed criminal counsel knew when or if they will be in contact with the trustee.

MPA RE U.S. TRUSTEE'S MOTION TO REMOVE TRUSTEE AND TO FREEEZE ESTATE BANK ACCOUNTS - 1 -

ARGUMENT

11 U.S.C. § 324(a) provides that "[T] he court, after notice and a hearing, may remove a trustee, other than the United States Trustee, or an examiner, for cause." Cause is not defined in the Bankruptcy Code and is left for the courts to determine on a case by case basis. *In re AFI Holdings Inc.,* 355 B.R. 139, 155 (9th Cir.BAP 2006), *aff'd,* 530 F.3d 832 (9th Cir. 2008). A trustee may be properly removed for failure to perform trustee duties. *In re AFI Holdings Inc.,* Id. at 148, and for delay in case administration. *In re Island Amusements Inc.*, 74 B.R. 14 (Bankr.D.P.R. 1987). Courts have also found that removal is warranted where there is an appearance of impropriety. *In re AFI Holdings Inc.,* 355 B.R. at 155 (9th Cir.BAP 2006), *aff'd,* 530 F.3d 832 (9th Cir. 2008) (lack of disinterest creates an appearance of impropriety).

In this case, the trustee's immediate and potentially longer term unavailability warrants removal. Given the sensitive juncture of the case with a sale pending, the UST submits that is unclear whether the trustee will be out of jail to do his work. Even if he is free on bail, his focus will be elsewhere.

The trustee's arrest for embezzlement and theft create an appearance of impropriety. Millions of dollars in estate asset should not be trusted to one with pending criminal allegations involving embezzlement and theft of $1.37 million lest the creditors and the public lose confidence in the bankruptcy system.

CONCLUSION

Based on the foregoing, the UST submit this court should remove Richard Schwalbe as trustee. Additionally, the Court should order that all estate accounts be frozen to maintain the status quo and that the UST be given full access to all account records to fully account for estate funds.

Dated: January 28, 2010

Respectfully submitted,

Sara L. Kistler,
Acting United States Trustee

By: */s/Patricia A. Cutler (#50352)*
Attorney for the U.S. Trustee