REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
JEFFRY G. LOCKE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 08-12206 |
| LOHREY ENTERPRISES, INC. | Chapter 7 |
| TAX ID # 94-2321063 | |
| Debtor | |
| JEFFRY G. LOCKE, Trustee<br>Plaintiff | |
| v. | AP # |
| PODIUM FINANCIAL GROUP, INC.<br>GSL OF ILLINOIS, LLC; OWENS FINANCIAL GROUP INC.<br>WILLIAM C. OWENS AS TRUSTEE OF THE OWENS TRUST,<br>VESTIN MORTGAGE, INC.<br>Defendants | |

**COMPLAINT OF JEFFRY G. LOCKE, TRUSTEE
FOR INTERPLEADER AND INJUNCTIVE RELIEF**

COMES NOW, Jeffry G. Locke, trustee of the above-referenced bankruptcy estate, and alleges in the alternative as follows:

//

# JURISDICTION

1. Jurisdiction over this action exists pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

# PRELIMINARY ALLEGATIONS

3. An Order for relief under Chapter 11 of Title 11 of the United States Code was entered herein pursuant to a voluntary petition filed by the Debtor on October 17, 2008. A trustee was appointed in the Chapter 11, Richard J. Schwalbe, on November 7, 2008, and an order converting the case to Chapter 7 was entered on November 21, 2008. Mr. Schwalbe continued as the Chapter 7 trustee, but was removed for cause by order entered on February 5, 2010, and Jeffry G. Locke is the duly appointed, qualified and acting trustee in the Chapter 7 estate.

4. Plaintiff Jeffry G. Locke ("Plaintiff") is the duly appointed, qualified and acting trustee of the Chapter 7 estate(s).

5. Defendant Podium Financial Group, LLP, ("Podium") is a company of unknown organization, doing business in California.

6. Defendant GSL of Illinois. LLC, ("GSL") is a company of unknown organization, doing business in California.

7. Defendants Owens Financial Group, Inc. and William F. Owens, Trustee of the Owens Trust ("Owens") are entities of unknown organization doing business in California.

8. Defendant Vestin Mortgage, Inc. ("Vestin") is a company of unknown organization conducting business in California, and Podium, GSL, Owens and Vestin are referred to herein as the "Defendants".

# FACTS

Plaintiff alleges as follows:

9. Among the assets of the estate, are the proceeds of the Trustee's sale of personal and real property (the "Property") which the Trustee sold free and clear of liens, with a transfer of the Defendants' liens to the proceeds of sale, pursuant to the stipulation from the Defendants, and pursuant to the order approving the sale, entered in the main bankruptcy case on March 17, 2010,

Docket # 305, and which describes the particular property that was sold (the Order of Sale).

10. The Property was sold for the sum of $4,100,000, of which $3,979,001.38 was received by the Trustee on account of the sale, after payment of certain costs of sale (the "Sale Proceeds").

11. The estate sought and obtained an order surcharging the Sale Proceeds with certain fees and costs, to wit, the sum of $60,000 payable to the estate of Lohrey Investments, Inc., Case #09-10007, and the sum of $561,820 for the present case, leaving the sum of $3,357,181.38 (the "Lien Amount") subject to the combined liens of the Defendants. See Order entered on May 26, 2010, Docket # 323 (the "Surcharge Order").

12. Pursuant to the Surcharge Order, the Defendants were given 60 days to resolve their respective claims to the Lien Amount, after which time the Trustee was authorized to file an interpleader action against the Defendants for the Lien Amount, $3,357,181.38, in which the Trustee claims no interest.

13. More than 60 days have passed since the entry of the Surcharge Order.

14. Defendants have failed to reach an agreement for division of the Lien Amount and have made conflicting demands upon the Trustee for all or part of the Lien Amount.

15. The Trustee therefore brings this action for statutory interpleader pursuant to 28 U.S.C. § 1335 and , alternatively, under Rule 22 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Rule 7022, Federal Rules of Bankruptcy Procedure.

## CLAIM FOR RELIEF

16. Plaintiff incorporates all of the allegations set forth above, as though fully set forth herein.

17. Plaintiff is unable to determine the validity of the conflicting independent demands made by the defendants as set forth herein, and cannot determine to whom the Lien Proceeds should be distributed.

18. Plaintiff would be subject to multiple liability if the Lien Proceeds was delivered to any of the Defendants.

19. Plaintiff claims no interest in the Lien Proceeds, other than for payment of the

costs incurred, and will deposit with the clerk of the Court the amount of cash reflected above, pursuant to 28 U.S.C. § 1335, and will release any claim to the Lien Proceeds, upon the payment of the Lien Proceeds to the Clerk.

20. Plaintiff has conferred with the Office of the Clerk of the Court, which requests that an order be entered authorizing the Clerk to accept the Lien Proceeds before the amount is paid, without which the Clerk will not accept the amount of the interpleader.

WHEREFORE the Trustee prays for judgment as follows:

(1) That Defendants and each of them be ordered to interplead and litigate their claims to the Lien Proceeds;

(2) That the Trustee be discharged from liability to each of the Defendants with respect to the Lien Proceeds described herein.

(3) That an injunction issue pursuant to 18 U.S.C. § 2361 enjoining any pending or future proceedings against the Trustee by any and all defendants in any other court related to this matter;

(4) That the Trustee be awarded costs and reasonable attorney fees as determined by the Court and to be paid to the estate from the described funds hereafter deposited in accordance with the Court's instructions;

(5) That an order be issued directing the Clerk of the Court to accept the Lien Proceeds in interpleader; and

(6) For such other and further relief as the Court deems just and proper.

DATED: August 17, 2010

        STROMSHEIM & ASSOCIATES

         /s/ Reidun Strømsheim
        Attorneys for Plaintiff,
        JEFFRY G. LOCKE, Trustee