UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LOHREY ENTERPRISES, INC.,                                                    No. 08-12206

                              Debtor(s).
_____/

Memorandum on Motion for Retroactive Employment
_____

      On December 9, 2008, Chapter 7 trustee Richard Schwalbe applied to the court for leave to employ Kenneth L. Foster as a professional pursuant to § 327(a) of the Bankruptcy Code. Foster's declaration in support of the application, required by Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, was materially false in two respects.

      First, the declaration started out "I, KENNETH L. FOSTER, CPA, declare:" The court thought that Schwalbe was hiring an accountant, routine matter in Chapter 7 cases. However, it turns out that Foster was not a CPA.

      Second, Foster's declaration stated that "I have no connection with . . .Richard Schwalbe, the Chapter 7 trustee herein . . . ." This statement was patently false. Foster and Schwalbe had known each other for some time, had worked together at the same business, and had even gone so far as to explore a partnership and put up a joint website. Due to these lapses, the court thought it was authorizing the employment of an independent CPA when in fact it was authorizing employment of a business associate of the trustee who was not a CPA.

      When these matters were brought to the court's attention by motion of the U.S. Trustee, the

1

court vacated the employment order as having been based on false information. The order, filed June 22, 2010, was without prejudice to an application for retroactive employment. That application is now before the court.

After reviewing Foster's attempt to explain his false declaration, the court finds no redeeming circumstances. The court was seriously mislead by the declaration. Since Schwalbe is not a usual trustee here - the court had never heard of him before his employment in this case - the court would have taken a long, hard look at the application and quite probably not approved it if disclosure had been proper. The court was denied that opportunity due to Foster's patently false declaration.

The court finds no extraordinary circumstances such as to warrant retroactive employment. Foster had one chance to tell the court everything the court needed to know in order to properly consider his employment and failed to properly disclose his connections with Schwalbe. He also misrepresented his status as a CPA. Even negligent omissions can result in forfeiture; Foster's failure to disclose was more than merely negligent. He knowingly failed to make a full, candid and complete disclosure. See *In re Plaza Hotel Corp.*, 111 B.R. 882, 883, aff'd, 123 B.R. 466 (9th Cir.B.A.P.1990).

For the foregoing reasons, Foster's application for retroactive employment will be denied. Counsel for the U.S. Trustee shall submit an appropriate form of order.

Dated: October 24, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge

2