UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LOHREY ENTERPRISES, INC.,   No. 08-12206

                Debtor(s).
_____/

Memorandum on Objection to Administrative Expense
_____

     This case was filed as a Chapter 11 on October 17, 2008, and converted to Chapter 7 on November 21, 2008. On October 8, 2010, the attorney Daniel Barness of the law firm of Barness & Barness, LLP, ("Barness") moved the court to certify as a class the former employees of the debtor who had wage claims. This seemed entirely unnecessary to the court, as nobody disputed those claims and the Chapter 7 trustee, Jeffry Locke, had all of the debtor's employment records. The court ordered that the motion would be denied if Locke filed proofs of claim on behalf of the employees, as Rule 3004 of the Federal Rules of Bankruptcy Procedure authorized him to do. Locke filed the claims for the employees, so the class was not certified.

     The case is now ready to close, and Locke seeks disallowance of an administrative expense claim filed by Barness in an amount equal to the greater of $735,000.00 (one-third of all employee wage claims) or one-third of the amount the employees will receive, or $59,000.00. The court sees no equitable basis for allowance of the claim, as no class was ever certified and there was never any dispute as to either liability or amount. There also appears to be no legal basis for the court to allow the claim.

1

Barness cites § 503(b)(4) of the Bankruptcy Code as the statutory basis for his claim. That section covers reasonable compensation for professional services rendered by an attorney of an entity whose expense is allowable under five enumerated subsections of § 503(b)(3). Of the five specified subsections, only 503(b)(3)(D) remotely applies, if the employees had made a substantial contribution to the case while the case was in Chapter 11. The case was only in Chapter 11 for a month, so to say that three of several hundred employees made a substantial contribution is a stretch, especially since they already have administrative wage claims under § 503(b)(1)(A)(i).

The principal test of substantial contribution is the extent of the benefit to the estate. *In re Christian Life Center,* 821 F.2d 1370, 1373 (9th Cir. 1987). Services that substantially contribute to a Chapter 11 are those that foster and enhance, rather than retard or interrupt, the progress of reorganization. *In re Cellular 101, Inc.,* 377 F.3d 1092, 1096-97 (9th Cir. 2004); *In re SONICblue*, 422 B.R. 204, 212-13 (Bankr.N.D.Cal.2009). The presence of self-interest mandates denial of a § 503(b)(3)(D) claim. *In re Lease-A-Fleet, Inc.*, 148 B.R. 419, 426 (Bankr. E.D. Pa. 1992). Self-interest exists where the expense was incurred primarily for the benefit of the creditor and provided only an incidental benefit to the estate. *Id.* Extensive participation, alone, is insufficient under § 503(b)(3)(D), and efforts duplicative of the duties of a debtor-in-possession and its hired professionals cannot constitute a § 503 expense.[1] *In re D.W.G.K. Restaurants, Inc.*, 84 B.R. 684, 90 (Bankr.S.D.Cal.1988). As the *D.W.G.K.* court has explained,

> The integrity of § 503(b) can only be maintained by strictly limiting compensation to extraordinary creditor actions which lead directly to significant and tangible benefits to the creditors, debtor, or the estate. While § 503 was enacted to encourage meaningful creditor participation, it should not become a vehicle for reimbursing every creditor who elects to hire an attorney.

*Id.*

---

[1] The correspondence filed by Barness to support his claim shows that his fees were incurred exclusively attempting to get payments for employees (most of whom no longer were employed by then) with no concern whatsoever for the bankruptcy estate. Moreover, Barness was aggressively seeking payment from the trustee for an additional one-third as his fee. This sort of self-interest does not justify an administrative expense claim under § 503(b)(3)(D).

2

Statutory basis aside, the amount sought by Barness, whether it be $735,000.00 or $59,000.00, is without justification. It is not actual, in that nobody has actually paid Barness anything and none of the employees, with the possible exception of the three named class claimants, are liable to Barness for anything. It was not necessary, since there was no dispute as to liability or amount. And it is not reasonable, given the slight benefit to anyone.

Lastly, Barness does not seem to realize that this is a failed case. The debtor's business completely collapsed within a few weeks of the bankruptcy filing. Locke represents that he has only $550,000.00 for distribution, with little likelihood of further recovery. Even this small amount is subject to other claims, some disputed, of equal and higher priority. Pursuant to § 726(b), the Chapter 7 expenses of administration must be paid first. The reality is that the employees can expect to recover at most only a portion of their administrative claims. Any award to Barness would only further dilute their recoveries, even though all but three did not hire him or agree to pay him. That would simply be unfair.

For the foregoing reasons, the claim filed by Barness on December 20, 2012, will be disallowed, without prejudice to reconsideration if the estate proves to be administratively solvent. Counsel for Locke shall submit an appropriate form of order.

Dated: November 25, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge